UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NATALIE LEONIE WEDDERBURN,<br><br>Debtor. | Chapter 13<br>Case No. 17-11389-MSH |

## STIPULATION

NOW COME the parties, U.S. Bank Trust, N.A. as trustee of the SCIG Series III Trust, by its servicer, BSI Financial Services, and the Debtor, through their respective undersigned counsel, and request that this Honorable Court enter the following stipulation as an order of the Court.

## STATEMENT OF MATERIAL FACTS

1. Natalie Leonie Wedderburn (the "**Debtor**") is an individual who asserts an ownership interest in the real property known as and numbered 6 Beechwood Street, Dorchester, Massachusetts 02121 (the "**Property**").

2. U.S. Bank Trust, N.A. as trustee of the SCIG Series III Trust, by its servicer, BSI Financial Services ("**U.S. Bank Trust**") has a principal place of business located at 7114 E. Stetson Drive, Suite 250, Scottsdale, Arizona.

3. On February 1, 2008, the Debtor and non-filing codebtor Joan Pennant executed and delivered to Guaranteed Rate, Inc. (the "**Lender**") a note in the original amount of $414,000.00 (the "**Note**").  Simultaneously therewith, as security for the obligations under the Note, the Debtor and Codebtor executed and delivered to the Lender a mortgage (the "**Mortgage**") on the Property.

4.     U.S. Bank Trust is the assignee of the Mortgage.

5.     The Mortgage was subsequently modified by a Loan Adjustment Agreement dated May 31, 2014 (the "**Modification Agreement**").

## The Bankruptcy

6.     On or about 04/18/17, the Debtor filed a Chapter 13 petition, commencing the above-captioned case.

7.     On March 16, 2018, the Court confirmed the Debtor's Amended Chapter 13 plan (the "**Plan**") which provides for the cure of prepetition arrears and maintenance of ongoing post-petition payments owed pursuant to the Note and Mortgage. On September 12, 2019 the Court entered an amended confirmation order. Doc. No. 65.

8.     On February 20, 2020, U.S. Bank Trust notified counsel for the Debtor of its intention to file a Motion for Relief from the Automatic Stay (the "Motion for Relief") due to the Debtor's failure to maintain post-petition mortgage payments pursuant to the terms of the Note, Mortgage, and proposed Chapter 13 Plan.

9.     On March 26, 2020, U.S. Bank Trust filed its motion for relief from stay regarding the Note, Mortgage and Property, alleging post-petition arrears owed as the grounds for relief from stay (the "**Motion for Relief**"). Doc. No. 199.

10.     On April 9, 2020, the Debtor filed an opposition to the Motion for Relief. Doc. No. 200.

WHEREAS, the parties hereto desire to resolve all differences between them, the parties STIPULATE and AGREE as follows:

2

A. The Debtor acknowledges and agrees that the monthly payment amount under the Note and Mortgage as of May 1, 2020 was $2,320.81. The Debtor also acknowledges and agrees that she is currently delinquent on her post-petition payments under the Note and Mortgage and, therefore, there exists good cause to grant U.S. Bank Trust relief from the automatic stay regarding the Property.

B. The Debtor acknowledges and agrees that the post-petition arrears, including the March 1, 2020 payment, total $44,293.10 (the "**Post-Petition Arrears**"), comprised of the following:

1. $21,084.00 in monthly mortgage payments for June 1, 2018 through May 1, 2019 (12 x $1,757.00); and

2. $23,208.10 for the monthly mortgage payments for June 1, 2019 through March 1, 2020 (10 x $2,320.81); and

3. $1,031.00 that U.S. Bank Trust has incurred in legal fees and costs in filing and prosecuting the Motion for Relief; less

4. $1,030.00 that U.S. Bank Trust is holding as a post-petition credit.

C. The parties agree to the following:

1. The Debtor shall pay the regular monthly mortgage payments on the Property as they become due, beginning with the April 1, 2020 payment[1]; and

2. In addition to the regular monthly mortgage payments on the Property, the Debtor shall either:

   a. Make the following payments in certified funds to U.S. Bank Trust that will be applied to the Post-Petition Arrears:
      i. $44,293.10 on or before August 4, 2020;
         OR
   b. File with this Court a motion to sell the Property on or before August 4, 2020[2] which provides for payment in full of the total

---

[1] The Debtor paid $2,325.00 on or about April 22, 2020 that has been applied to the April 1, 2020 payment with $4.19 held in suspense.

[2] The Debtor previously filed a motion to employ Curtis Howe as broker which was granted in an order of this court dated June 24, 2019 (Doc. No. 124).

3

      debt owed by the Debtor to U.S. Bank Trust and provides a date certain for a real estate closing on the Property.

3. Should the Debtor fail to make the payments in the amounts and by the deadlines described in Paragraph C(1) or fail to either make the payments in the amounts by the deadlines described in C(2)(a) or file the motions by the deadlines described in Paragraph C(2)(b) above during the time period ending August 4, 2020, then U.S. Bank Trust (or its successors-in-interest, if any) may file an Affidavit of Noncompliance (the "**Affidavit**") that will request, among other things, that this Court grant U.S. Bank Trust relief from the automatic stay and, upon Court approval of the Affidavit and the granting of relief from stay, U.S. Bank Trust may pursue its rights and remedies pursuant to the Note and Mortgage without further hearing, including but not limited to pursuing its right to foreclose the Mortgage and to pursue summary process proceedings.

Upon Debtor's failure to make either a regular monthly payment under paragraph C(1) or either make the payments under paragraph C(2)(a) or file the motions described in paragraphs C(2)(b), U.S. Bank Trust or its attorney shall give written notice to the debtors and their counsel, of such failure to make timely payments pursuant to the stipulation and further advise that failure to make said payments within Ten Days after the date of such notice shall constitute a default under this stipulation.

4. **IF THE DEBTOR FAILS TO MAKE THE PAYMENTS IN THE AMOUNTS AND BY THE DEADLIENS DESCRIBED IN PARAGRAPH C(1) OR C(2) OF THIS STIPULATION, U.S. BANK TRUST (OR ITS SUCCESSORS-IN-INTEREST, IF ANY) MAY FILE AFTER TEN (10) DAYS WRITTEN NOTICE OF DEFAULT TO THE DEBTOR AND THE DEBTOR'S ATTORNEY, BY FIRST CLASS POSTAGE PREPAID, AN AFFIDAVIT OF NONCOMPLIANCE (THE "AFFIDAVIT") THAT WILL REQUEST, AMONG OTHER THINGS, THAT THIS COURT GRANT U.S. BANK TRUST RELIEF FROM THE AUTOMATIC STAY AND, UPON COURT APPROVAL OF THE AFFIDAVIT AND THE GRANTING OF RELIEF FROM STAY, U.S. BANK TRUST MAY PURSUE ITS RIGHTS AND REMEDIES PURSUANT TO THE NOTE AND MORTGAGE WITHOUT FURTHER HEARING, INCLUDING BUT NOT LIMITED TO PURSUING ITS RIGHT TO FORECLOSE THE MORTGAGE AND TO PURSUE SUMMARY PROCESS PROCEEDINGS.**

    **THE DEBTOR HAS THE RIGHT TO OBJECT TO THE AFFIDAVIT OF NON-COMPLIANCE ONLY ON THE BASIS THAT THE**

**PAYMENTS WERE MADE TIMELY UNDER THE STIPULATION. ALL REASONABLE COSTS ASSOCIATED WITH THE PREPARATION OF THE NOTICE OF DEFAULT AND THE FILING OF THE AFFIDAVIT OF NON-COMPLIANCE WILL BE CHARGED TO THE DEBTOR'S MORTGAGE ACCOUNT.**

5. The Debtor further acknowledges that, in the event of a default under the terms of this stipulation, U.S. Bank Trust will file the Motion for Relief along with the Affidavit, and that doing so will incur additional legal fees for which the Debtor will be responsible and which will be added to the total post-petition cure amount that the Debtor must pay to avoid entry of an Order granting relief from the automatic stay.

6. All payments shall be made to the payment address provided on the Claims Register, and will clearly state the loan number on the payment.

D. By entering into this Stipulation, U.S. Bank Trust in no way waives or forfeits its rights to collect any pre-petition or post-petition arrears under applicable law, and in no way alters the terms, conditions, or its rights under the Note and Mortgage.

| U.S. Bank Trust, N.A. as trustee of the SCIG Series III Trust, as serviced by BSI Financial Services, | Natalie Leonie Wedderburn, |
|---|---|
| By its attorneys, | By her attorney, |
| DEMERLE HOEGER LLP, | |
| /s/ Derek A. Castello<br>Richard C. Demerle, Esq. (BBO#652242)<br>Derek A. Castello, Esq. (BBO#690007)<br>10 City Square, 4th Floor<br>Boston, MA 02129<br>(617) 337-4444<br>bankruptcy@dhnewengland.com | /s/ Melissa Conner<br>Melissa Conner, Esq. (BBO#676014)<br>P.O. Box 290631<br>Charlestown, MA 02129<br>(252) 916-2000<br>melissa@connerlawoffices.com |

DATE: May 12, 2020

5

## MLBR APPENDIX 8 REPRESENTATION

Pursuant to MLBR Appendix 8, Rule 8, Derek A. Castello, Esq. of the law firm of Demerle Hoeger LLP, hereby represents that he has authority to consent on behalf of other parties who are purported signatories to the above document – specifically, the consent of Melissa Conner, counsel to debtor Natalie Leonie Wedderburn.

/s/ *Derek A. Castello*
Derek A. Castello, Esq.